[Civ. No. 21096.   Second Dist., Div. One.   June 21, 1955.]

EDYTHE MARRENNER BARKER, Appellant, v.
JESSE T. BARKER, Respondent.

Gang, Kopp & Tyre, Martin Gang and Milton A. Rudin for Appellant.

Hahn, Ross & Saunders for Respondent.

DORAN, J.—The defendant husband has filed the present motion to dismiss the plaintiff wife's appeal from a minute order entered December 13, 1954, ordering the wife to pay $7,500 as the husband's attorney fees on appeal.  The husband had previously appealed from an interlocutory judgment of divorce, and the wife filed a cross-appeal, which appeals are not involved in the present motion.  Defendant's motion is predicated on two grounds: (1) that the appellant wife ''has attempted to appeal from a stipulated order, or an order made by the consent of the parties''; and (2) that appellant ''has accepted the benefits of the stipulated order, and, thus, waives her right of appeal.''

The divorce action herein involved was instituted by the

wife, Edythe Marrenner Barker; the husband, Jesse T. Barker, filed an answer thereto. An order pendente lite, ordered the wife to pay $2,500, on account of the husband's attorney fees, and at the trial the wife was ordered to pay an additional sum of $3,500 to the husband's attorneys, making a total of $6,000.

After trial of the case, and appeals by both parties as hereinbefore mentioned, the defendant husband filed a motion to require the wife to pay further attorney fees in connection with appeal No. 20929, which motion was opposed by the wife on the ground, among others, that the appeal was without merit. At the first hearing of this motion, the trial court said: "I do not believe I will deny him the right (to appeal) on account of it not being a meritorious appeal," and, "All I can say is that the lady is not going to pay for it." The matter was then continued for two weeks, to "see if you gentlemen can't work something out here."

Thereafter, the parties entered into a written "Stipulation re filing joint income tax returns and payment of attorney fees and costs," signed by both parties and the respective attorneys. This stipulation was "entered into with reference to the following facts," and recites that, "C. Prior to the entry of said Interlocutory Judgment of Divorce, plaintiff requested defendant to join with her in filing joint United States and California Income Tax Returns for the calendar year 1953 and offered that the tax saving resulting from filing such joint returns be used for the payment of defendant's attorney fees and costs herein and the balance be used for the support and maintenance of the minor children of the parties; defendant refused to sign said joint income tax returns." It also recites that plaintiff had opposed defendant's motion for attorney fees "on the ground, among others, that defendant has the ability to create a fund for the payment of his attorney's fees and costs on appeal by accepting plaintiff's offer to use the tax savings resulting from the filing of joint income tax returns for the calendar years 1953 and 1954."

The stipulation then provides that joint income tax returns shall be prepared which will be executed by both parties "within 15 days after said returns are submitted to defendant." Mrs. Barker agrees to "deposit in a special bank account" an amount equal to the "difference between the amount of taxes she has paid in connection with her separate income tax returns for 1953 and the amount of the taxes on the joint income tax returns for 1953 which she has agreed

to pay and be responsible for," when plaintiff receives a tax refund. In respect to joint income taxes for subsequent years, plaintiff likewise agrees to deposit this difference.

From this bank fund "Plaintiff shall be entitled to withdraw . . . or offset against any amounts she is required to deposit," among other items, "All sums plaintiff has heretofore been ordered to pay or may hereafter be ordered to pay to defendant's attorneys or to defendant for attorney's fees and costs in this action, including attorney's fees on appeal." (Paragraph 11d.) When the joint tax liability has been finally determined, "and provided further that the appeals taken herein have been finally decided, plaintiff will use the balance of the fund to purchase United States Savings Bonds in equal amounts for the two children."

It is also stipulated that "14. Upon the filing of joint income tax returns for the calendar year 1954, and upon condition that defendant complies with and performs all of the terms and provisions of this stipulation . . . plaintiff will dismiss her cross-appeal taken herein." Paragraph 15 of the stipulation provides that plaintiff will pay all costs of appeal incurred by the parties, as described in subparagraph (c) of paragraph 11 hereinabove, as and when said costs are incurred.

That part of the stipulation now relied upon by the defendant is paragraph (16) which reads: "With respect to defendant's attorneys fees plaintiff has heretofore or may hereafter be ordered to pay, plaintiff will make such payments from assets in her possession as and when ordered to make such payments; it being the intent of this stipulation that the said payments of costs on appeal and defendant's attorney fees be paid by plaintiff as and when incurred or due and that when the fund referred to in paragraph 10 is established, plaintiff is entitled to withdraw from said fund, or offset against her deposits therein, the amounts she has paid for costs on appeal and defendant's attorney fees as provided in paragraph 11(c) and (d)."

The final paragraph of the stipulation, (18), specifically provides that "This stipulation and agreement is without prejudice to the respective positions of the parties in respect to the appeal which has been taken by the parties hereto, and further, this stipulation shall not be considered a waiver of any claim or any rights that the parties may have on the appeal; and further, the acceptance of any of the benefits or any of the money set forth in this stipulation shall not be deemed a waiver of any claims or rights under the appeal

taken except that the plaintiff will dismiss her cross-appeal as provided in paragraph 14 hereinabove.''

The husband's present motion to dismiss the wife's appeal from the order to pay $7,500 as the husband's attorney fees on appeal, cannot be granted. The grounds of this motion, (1) that the wife ''has attempted to appeal from a stipulated order, or an order made by consent of the parties''; and (2) that the wife ''has accepted the benefits of the stipulated order, and, thus, waives her right of appeal,'' are not supported by the record, and depend upon a forced and unnatural interpretation of the stipulation in question.

In the first place, the trial court's $7,500 award for defendant's attorney fees on appeal, was never consented to by the wife, and the order was made after execution of the stipulation. As said in the wife's brief: ''Does defendant contend that if the trial court had awarded an attorney's fee of $1,000,000.00, plaintiff would be deemed to have consented to such an award?'' To adopt such an interpretation is to deprive a litigant of the right to have an appellate tribunal review the trial court's determination. If the waiver of such an important right was intended, it is reasonable to suppose that the parties would definitely so state. But the stipulation contains no such provision; indeed, a reading of the last paragraph thereof would seem to indicate that neither party contemplated or intended any such waiver.

The obvious purpose of the stipulation was to provide for the making of joint income tax returns, which procedure would result in a tax saving, thereby creating a fund which would defray both parties' legal expenses. The balance of this fund was to be used ''to purchase United States Bonds in equal amounts for the two children.'' That this was a proper and laudable purpose cannot be doubted. Such a stipulation, however, should not be unnecessarily turned into a vehicle to deprive either party of the right to appeal.

Whether the husband's appeal from the interlocutory divorce judgment is meritorious, and whether the trial court's award for the husband's attorney fees on appeal is excessive, are matters which should be decided on the merits after due consideration. The amount of such attorney fees, whether reasonable or excessive, should not be determined arbitrarily nor summarily. The plaintiff wife is entitled to have such matter reviewed in an appellate tribunal.

The motion to dismiss the appeal is denied.

White, P. J., and Drapeau, J., concurred.